UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
CENTURY 21, INC., et al., d/b/a CENTURY 21                  :
DEPARTMENT STORES, LLC,                                     :
                                                            :
                   Plaintiff,               :
                                                            :     03 Civ. 5163 (GEL)
      -v.-                                                  :
                                                            :     **OPINION AND ORDER**
                                                            :
DIAMOND STATE INSURANCE COMPANY,                            :
                                                            :
                   Defendant.               :
                                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      In this action for a judgment of rights and damages under an insurance contract, the parties jointly seek an order to resolve the applicability of the attorney-client privilege to certain information sought by the defendant from a non-party (plaintiff's former counsel) during ongoing discovery. Since the privilege has been waived with respect to some of the desired information, the non-party subpoena will be enforced as modified.

### BACKGROUND

      Plaintiff Century 21, Inc. ("Century") seeks a judgment declaring that defendant Diamond State Insurance Company ("Diamond") owes a contractual duty to defend and indemnify it in a trademark infringement action and also owes any damages resulting from a breach of that duty. The trademark infringement action was brought by Gucci America, Inc. ("Gucci"), against Century, among others. Gucci Am., Inc. v. Big M Inc., No. 02 Civ. 3191 (S.D.N.Y. June 19, 2002) (amended complaint). Diamond has disavowed any duty to defend or

indemnify Century in relation to Gucci's action, based on various grounds including untimely notice. Century claims it provided timely notice. (Am. Compl. ¶ 12.)

In a July 28, 2006, joint submission, the parties laid out their respective positions in the instant discovery dispute.[1] Diamond seeks by third-party subpoena to access any relevant communications between Century and Century's former counsel that transpired prior to Gucci's filing suit against Century. Diamond contends that Century had a basis to know of its potential liability some time before it notified Diamond and that Century thus failed to perform its own contractual duty to provide notice "as soon as practicable." (Answer ¶¶ 22-24.) Specifically, Diamond alleges that Century came by such knowledge during its earlier participation as a non-party witness in separate but similar litigation by Gucci. Diamond argues that Century likely was advised by its counsel then that it, too, could be a litigation target, and that the requested attorney-client communications are therefore "potentially critical" to establishing Century's failure to provide timely notice of a potential claim as required by the policy. Diamond maintains that Century, by suing on the policy, has put the timeliness of its notice in issue and thus impliedly waived the privilege.

Century demands that the subpoena be quashed to preserve its attorney-client privilege. It argues that the circumstances here do not support an implied waiver, denying that it has placed in issue protected information such that prohibiting Diamond from reviewing that information would work a material unfairness.

---

[1] The Court acknowledges Century's footnoted disclaimer, (Joint Submission n.1), denying any concession to Diamond's arguments, and notes that its ruling does not assume any such concession.

## DISCUSSION

The question, then, is whether Century has impliedly waived the attorney-client privilege with respect to the information sought. Pursuant to Federal Rule of Evidence 501 and given its diversity jurisdiction over this case, the Court has considered the applicable common law of privilege and the substantive state law governing the dispute, and concludes that Century has, indeed, waived the privilege with respect to some of the protected material, Fed. R. Civ. P. 26(c). The Court, therefore, will enforce the subpoena, as modified below. Fed R. Civ. P. 45(c)(3)(A).

The parties do not dispute the significance of the attorney-client privilege. As the highest courts of the nation and New York have stated, the certainty of confidentiality is crucial both to public and private interests, because it encourages full, candid communications between attorney and client and thus effective legal representation. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); Priest v. Hennessey, 51 N.Y.2d 62, 67-68 (1980). The privilege thus outweighs the general imperative that information be made available to promote the process of adjudication. See 3 J. Weinstein, Evidence, §§ 503.01-503.03 (2d ed. 2006).

The privilege may, however, be deemed impliedly waived, where the privilege-holder has placed protected communications in issue such that withholding that information from its adversary would be unfair. See United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991) (citations omitted); Weinstein, supra, at § 503.41. A waiver may be found where (1) a party asserts the privilege as a result of some affirmative act, such as filing suit; (2) that party placed the privileged information in issue via its affirmative act; and, (3) allowing the privilege would deny the opposing party access to information vital to its defense. Weinstein, supra, § 503.41, citing Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975). The formula is useful, but it is

3

important to recognize its underlying purpose: to enforce the equitable principle of fairness while allowing exceptions to the privilege only where necessary. The "overarching consideration is whether allowing the privilege to protect against disclosure of the information would be 'manifestly unfair' to the opposing party." Home Indem. Co. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1326 (9th Cir. 1995), citing Hearn, supra, at 581.

In this case, Century has placed the privileged material in issue by suing on an insurance contract that required provision of timely notice (Am. Compl. ¶ 12), where the law bases timeliness on the knowledge of the insured, and where any evidence relating to Century's knowledge that may be found in the protected communication is not likely discoverable from another source.

The timeliness of notice is manifestly material to this case, as "[c]ompliance with the notice requirements set forth in an insurance contract is a condition precedent to recovery under New York law, and failure by the insured to comply with such requirements relieves the insurer of liability." Utica Mut. Ins. Co. v. Fireman's Fund Ins. Companies, 748 F.2d 118, 121 (2d Cir. 1984) (citations omitted). New York law recognizes an insurer's right to require timely notice, because notice is important in managing the costs of coverage. Id. at 121. The time that an insured became aware of liability-triggering facts is central to determining the notice question, because "New York law . . . also requires that the time of discovery be determined according to an objective test, based on the conclusions that a reasonable person would draw *from facts known the insured*." Id. at 122 (emphasis added). "Whether [a party] complied with the notice provisions . . . depends on when [the party] *discovered* that there had been misconduct resulting in a loss." Id. at 121 (emphasis in original). Moreover, while "[t]here may be circumstances,

4

such as lack of knowledge . . . or a reasonable belief in nonliability, that will excuse or explain delay in giving notice, . . . the insured has the burden of showing the reasonableness of such excuse." White v. City of New York, 81 N.Y.2d 955, 957 (1993) (citation omitted).

Seeking the benefit of its insurance contract, plaintiff Century has put its knowledge in issue by affirmatively claiming that it fulfilled its own duty of providing due notice. As Diamond notes, under New York law, untimely notice is not an affirmative defense that it must raise; rather, timely notice is a condition precedent that the insured must plead and prove in order to demonstrate coverage. SSBSS Realty Corp. v. Pub. Serv. Mut. Ins. Co., 677 N.Y.S.2d 136, 137-38 (1st Dept. 1998). Century has implicitly recognized this obligation, in that its complaint affirmatively alleges that, "[u]pon being served with the Complaint . . . in the Gucci Action, Century 21 promptly provided Diamond State with a copy . . . duly placing Diamond State on notice." (Am. Compl. ¶ 12.) Yet New York law does not assume that notice is timely if the insured notifies the insurer upon being sued. The timeliness determination is fact-specific and depends on what was known to the insured party, and when. See Utica, supra; White, supra. In this dispute, because Century seeks the benefit of a contract in part by alleging it has not forfeited that benefit by its own breach, Diamond should in fairness be permitted to develop facts showing that Century did in fact commit the breach of untimely notice.

Moreover, it is reasonable to believe that the privileged material disputed here contains evidence relevant to Century's knowledge of potential liability that is not otherwise available. Attorney-client communications—specifically, evidence that counsel had advised the insured of its potential liability—formed the basis for inferring insured's breach of a timely notice provision in Utica. Utica, supra, at 120-121. The parties' joint submission here identifies the

5

disputed communications as having occurred prior to Gucci's action against Century, while Century was involved as a non-party witness in a separate but similar case. It is reasonable to expect both that Century's own possible liability would have been discussed with counsel at that time and that, as with any potential defendant, any allusions to such liability would have been confined to those attorney-client communications. For the same reason, any unprotected information revealed during Century's testimony as a non-party witness would be unlikely to yield evidence regarding its own liability. Thus, upholding the privilege with respect to the disputed attorney-client communications might very well preclude defendant Diamond from developing facts essential to the issue of notice and thus of contract enforceability.[2]

Exceptions to the attorney-client privilege should be construed narrowly, however, in order not to swallow the rule. The rationale of the "at issue" exception is to prevent the unfairness of allowing Century to withhold information critical to establishing when it was reasonably on notice of potential liability and thus obliged to notify its insurer. Diamond's subpoena seeks sweeping disclosure of all documents relating to the prior Gucci litigation,

---

[2] Century cites Stone & Webster Management Consultants, Inc. v. The Travelers Indemnity Company, No. 94 Civ. 6619 (RPP), 1995 WL 241884 (S.D.N.Y. April 26, 1995), in which the Court found no waiver in somewhat similar circumstances. To the extent that the court in Stone concluded that it was the insurer, rather than the insured, who put in issue the timeliness of notice, the opinion appears inconsistent with the substantive law of New York as discussed above. This Court finds the contrary reasoning in Royal Indemnity Co. v. Salomon Smith Barney, Inc., No. 125889/99, 2004 WL 1563259 (Sup. Ct. N.Y. Co. June 29, 2004), more persuasive. In Royal Indemnity, the court noted that the insured bears the burden of establishing timely notice and ruled that the insured in that case could not seek to establish timely notice "while at the same time refusing to disclose the information that would either prove or disprove that threshold assertion." Id. at *8. In any event, the relevant ruling in Stone ultimately turned on the court's apparent skepticism regarding the likelihood that the documents would contain relevant information. 1995 WL 241884 at *4. Such determinations are based on the particular facts of the case, and here, as discussed above, this Court is persuaded of the potential significance of the documents at issue.

including counsel's "entire litigation file" in that matter. This demand encompasses all manner of attorney-client privileged and work-product protected documents having nothing to do with Century's potential liability for the marketing of allegedly infringing goods.

Were there no question of privilege, the expansive scope of discovery would most likely lead to the disclosure of all such files as potentially relevant, at least absent excessive burden on the subpoenaed party. In this instance, however, the importance of the privilege, and the narrow rationale of the waiver exception, counsels a different result. Accordingly, the subpoena will be enforced only to the extent that counsel will be required to produce any documents in its files concerning communications with Century, before April 25, 2002, in which potential liability of Century to Gucci is discussed.

## CONCLUSION

The claim of privilege is overruled to the extent provided above, and the subpoena will be enforced as modified.

SO ORDERED.

Dated: New York, New York
August 10, 2006

GERARD E. LYNCH
United States District Judge

7